907 F.2d 1211
 285 U.S.App.D.C. 205, 116 P.U.R.4th 351
 TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Public Service Commission of the State of New York,
Owens-Corning Fiberglass Corporation, Elizabethtown Gas
Company, Washington Gas Light Company, Public Service
Electric and Gas Company, Maryland People's Counsel,
Pennsylvania Office of Consumer Advocate, Commonwealth Gas
Pipeline Corporation, et al., Baltimore Gas and Electric
Company, Piedmont Natural Gas Company, Inc., Columbia Gas
Transportation Corp., North Carolina Natural Gas Corp., et
al., Long Island Lighting Company, Delmarva Power & Light
Company, Consolidated Edison Company of NY, North Carolina
Utilities Commission, South Jersey Gas Company, Eastern
Shore Natural Gas Company, Intervenors.
 No. 88-1741.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Feb. 12, 1990.
Decided July 17, 1990.
 
 Michael J. Fremuth, with whom Robert G. Hardy and Anthony J. Ivancovich, were on the brief, for petitioner.
 Hanford O'Hara, Atty., F.E.R.C., with whom Jerome M. Feit, Sol., F.E.R.C., was on the brief, for respondent.
 Toni M. Fine and Herbert J. Martin, for Eastern Shore Natural Gas Company, Stephen Watts and Thomas P. Gross, for Commonwealth Gas Pipeline Corp. and Commonwealth Gas Services, Inc., John T. Miller, Jr., for Elizabethtown Gas Co., Harvey L. Reiter and William I. Harkaway, for Consolidated Edison Co. of N.Y., Inc., O. Julia Weller, James F. Bowe, Jr., and Rebecca S. Haney, for Long Island Lighting Co., John S. Schmid, Barbara K. Heffernan, and Cheryl L. Jones, for Delmarva Power and Light Co., John M. Glynn and Paul S. Buckley, for Maryland People's Counsel, Richard A. Solomon and David D'Alessandio, for Public Service Com'n of the State of N.Y., Frank H. Strickler and Gordon M. Grant, for Washington Gas Light Co., William R. Hoatson and James R. Lacey, for Public Service Elec. and Gas Co., and Richard H. Davidson, for Public Service Co. of North Carolina, Inc., and North Carolina Natural Gas Corp., were on the joint brief, for intervenors.
 R. Brian Corcoran, for Owens-Corning Fiberglass Corp., Irwin A. Popowsky and David M. Barasch, for Pennsylvania Office of Consumer Advocate, Robert S. Fleishman, for Baltimore Gas & Elec. Co., Jerry W. Amos, for Piedmont Natural Gas Co., Inc., Stephen J. Small and William E. Mohler, III, for Columbia Gas Transmission Corp., Gregory Grady, Donald W. McCoy and F. Kent Burns, for North Carolina Natural Gas Corp. and Public Service Co. of North Carolina, James J. Stoker, III, for Long Island Lighting Co., Barbara M. Gunther, for Consolidated Edison Co. of N.Y., Inc., Morton L. Simons, for North Carolina Utilities Com'n, and William C. Bingham, Jr., for South Jersey Gas Co., also entered appearances, for intervenors.
 Before BUCKLEY, D.H. GINSBURG and SENTELLE, Circuit Judges.
 Opinion filed PER CURIAM.
 
 PER CURIAM:
 
 1
 Transcontinental Gas Pipe Line Corporation ("Transco") petitions for review of two orders of the Federal Energy Regulatory Commission ("FERC" or "the Commission"). The Commission's order of August 3, 1988, Order Affirming Initial Decision, Transcontinental Gas Pipe Line Corp., 44 FERC p 61,216 (1988) ("August 3 Order "), and its order of October 3, 1988, Order Denying Rehearing and Clarifying Prior Order, Transcontinental Gas Pipe Line Corp., 45 FERC p 61,001 (1988) ("October 3 Order "), found Transco's minimum bill to be unreasonably anticompetitive and ordered it removed from Transco's tariff, effective April 1, 1987. Transco challenges the Commission's elimination of its minimum bill and the effective date of the Commission's order. Finding that the Commission has failed to state a reasonable basis for its decision to eliminate Transco's minimum bill, we vacate the orders under review and remand the case to the Commission. Accordingly, we do not reach the timing issue.
 
 BACKGROUND
 
 2
 In 1982 Transco filed for a rate increase under section 4 of the Natural Gas Act, 15 U.S.C. Sec. 717c. A settlement between the parties was approved by the Commission. Transcontinental Gas Pipe Line Corp., 22 FERC p 61,146 (1983). This settlement specifically reserved for hearing the issue of Transco's minimum bill. The minimum bill requires Transco's partial requirements customers to purchase 65% of their annual contract demand or to pay 15 cents for every dekatherm by which they are deficient.
 
 
 3
 After a hearing on this issue, the ALJ approved the minimum bill. Initial Decision, Transcontinental Gas Pipe Line Corp., 28 FERC p 63,086 (1984). The Commission rejected the ALJ's finding in Opinion No. 260, Transcontinental Gas Pipe Line Corp., 37 FERC p 61,328 (1986). In its order on rehearing, Opinion No. 260-A, the Commission determined that Transco had not had adequate opportunity to present evidence and vacated its Opinion No. 260 minimum bill decision. Transcontinental Gas Pipe Line Corp., 40 FERC p 61,188 (1987).
 
 
 4
 After a further hearing on Transco's minimum bill, the ALJ issued a second Initial Decision, this time finding the minimum bill anticompetitive. Transcontinental Gas Pipe Line Corp., 43 FERC p 63,017 (1988). The Commission affirmed this decision and ordered Transco to eliminate its minimum bill effective from April 1, 1987. August 3 Order. The Commission denied rehearing of this order, in its October 3 Order, and Transco brought this petition for review.
 
 ANALYSIS
 I. Minimum Bill
 A. Anticompetitiveness
 
 5
 FERC has established a presumption that minimum bills are anticompetitive and therefore prima facie unlawful under section 5 of the Natural Gas Act, 15 U.S.C. Sec. 717d. We upheld this presumption in East Tennessee Natural Gas Co. v. F.E.R.C., 863 F.2d 932, 935-40 (D.C.Cir.1988). See also Tennessee Gas Pipeline Co. v. F.E.R.C., 871 F.2d 1099, 1104 (D.C.Cir.1989). Transco attempted to rebut the presumption of anticompetitiveness and to justify its minimum bill by showing that its minimum bill "is no more onerous" than the purchase obligations into which its customers have voluntarily entered. To this end Transco introduced into the record a stipulation that some of its contract demand customers are entering into long-term firm contracts with producers and that these contracts contain take-or-pay obligations.[1] FERC responded:
 
 
 6
 Irrespective of the quality or sufficiency of this evidence, it is not relevant to rebut the presumptive anticompetitiveness of Transco's minimum bill. Transco submits that the purposes and effects of a minimum bill and a take-or-pay obligation are the same. However, it ignores the fact that a contractual obligation with a non-pipeline supplier is voluntary, whereas a pipeline minimum bill is not.
 
 
 7
 October 3 Order, 45 FERC p 61,001 at 61,001 (1988). The Commission properly explained that Transco's stipulation shed no light on the competitiveness of Transco's minimum bill. That some of Transco's customers have entered voluntarily into contracts with third party producers containing provisions which in some respects resemble minimum bills does not in any way demonstrate that a minimum bill imposed as part of a mandatory rate schedule is anything other than anticompetitive. Customers desiring service under Transco's CD rate schedule would be obligated to accept the minimum bill. This would, in effect, prevent them from entering into those contracts with producers that Transco finds analogous unless they were willing to pay a deficiency charge for falling below 65% of their contract demand. Such a provision is demonstrably anticompetitive and Transco has admitted as much by stating that "the function of a minimum bill is to provide a measure of discipline on customers' purchasing decisions...." Brief for Petitioners at 25. A decision by a customer to voluntarily bind itself to take-or-pay obligations bears only the most superficial resemblance to the imposition of an involuntary minimum bill.
 
 B. Third Seaboard Criterion
 
 8
 FERC has previously determined that a pipeline, such as Transco, with a modified fixed variable rate design, may rebut the presumption of anticompetitiveness under what is known as the third Seaboard criterion. Opinion No. 260-A, Transcontinental Gas Pipe Line Corp., 40 FERC p 61,188 at 61,590-91 (1987) (citing Atlantic Seaboard Corp., 38 FPC 91 (1967), aff'd, Atlantic Seaboard Corp. v. F.P.C., 404 F.2d 1268 (D.C.Cir.1968)). The third Seaboard criterion allows a minimum bill if it "links cost-incurrence with cost-causation, i.e., if it assists in collecting take-or-pay costs from those customers that have caused the costs by reducing their purchases." Tennessee Gas Pipeline Co., 871 F.2d at 1105. Although this Court in both Tennessee Gas Pipeline Co., id. at 1106, and Trunkline Gas Co. v. F.E.R.C., 880 F.2d 546, 551 (D.C.Cir.1989), professed being "disturbed" by the Commission's "narrow technical focus" on the mechanics of the minimum bill under the third Seaboard criterion, it upheld both of the Commission's decisions to delete the minimum bills.
 
 
 9
 Evidence in the record establishes that Transco faces take-or-pay obligations nearly equal to the capacity of its system. August 3 Order, 44 FERC p 61,216 at 61,808 n. 41 (1988) (citing record evidence that Transco's system take obligation is approximately 2.7 Bcf/day, or 87% of its certificated sales obligation of 3.1 Bcf/day). Consequently, even taking a narrow technical focus, it is a matter of logical necessity that those customers that purchase less than their contract demand will cause the incurrence of take-or-pay liability. Because liability is nearly equal to capacity, any significant drop in demand will cause the incurrence of take-or-pay liability. Take-or-pay costs are attributable to those customers who take less than their con tract demand. As a matter of fact--whether by design or chance--this situation results in the linkage of Transco's minimum bills to the causation of take-or-pay charges. Thus it would appear that Transco has met the requirement of the third Seaboard criterion that the minimum bill link cost-causation and cost-incurrence.
 
 
 10
 Neither of FERC's decisions explains why the Commission rejected the minimum bill in spite of Transco's coupling the bill to those customers who cause the liability. The Commission cites no record evidence showing that Transco's evidence is in error or that other evidence indicates that Transco has not " 'ensure[d] that any costs arising from the pipeline's own [take-or-pay] obligations are collected from the customers responsible for a drop in demand.' " Trunkline Gas Co., 880 F.2d at 551 (quoting East Tennessee, 863 F.2d at 940). In order to invalidate the minimum bill the Commission must find, based on substantial evidence, that the bill is unlawful. Natural Gas Act Sec. 19(b), 15 U.S.C. Sec. 717r(b); East Tennessee, 863 F.2d at 938.
 
 
 11
 FERC stated that Transco had merely shown that its minimum bill helped to mitigate take-or-pay costs and rejected the minimum bill, citing four factors:
 
 
 12
 (1) there is no insurance that the carrying cost associated with take-or-pay penalties will be borne by the customers that caused their incurrence; (2) the minimum bill recovers all nongas fixed costs in the commodity component, not just carrying charges on take-or-pay obligations; (3) the minimum bill is not calibrated to variations in either Transco's systemwide take-or-pay obligations or take-or-pay obligations resulting from the purchase level of a particular customer; and (4) Transco is not required to apply minimum bill revenues to its take-or-pay liabilities.
 
 
 13
 August 3 Order, 44 FERC p 61,216 at 61,808 (footnotes omitted).
 
 
 14
 The first and third factors offered by FERC express the same concern as the third Seaboard criterion, namely, that a minimum bill must link assessment of minimum charges with the incurrence by the pipeline of take-or-pay charges. The first factor asserts that Transco's minimum bill will not necessarily charge those customers who cause take-or-pay penalties with the costs of those penalties. However, as discussed above, because Transco's take-or-pay liability is nearly equal to its system capacity, every customer deficiency below 65% of its contract demand causes both the incurrence of take-or-pay liability to Transco and the assessment of minimum bill charges to the customer. Likewise, the third factor relied upon by FERC charges that Transco's minimum bill is unrelated to Transco's take-or-pay liabilities, either systemwide or by customer, and suffers from the same logical defect as the first factor.
 
 
 15
 FERC charges in the second factor that the minimum bill recovers costs other than the carrying costs of take-or-pay liabilities. If the Commission means by this that it believes that the 15 cents per dekatherm charge for deficiencies exceeding 35% of contract demand is an incorrectly calculated amount, then the Commission must so state with a reasonable explanation supported by substantial evidence. Likewise, the fourth factor appears to introduce an accounting technicality without any explanation of its possible support or significance. Before we can accord these factors any weight, the Commission must explain, based on the record evidence, how they influence the analysis under the third Seaboard criterion. "The agency's determination must reflect reasoned decisionmaking that has adequate support in the record and must include an 'understandable' agency analysis and rationale." Panhandle Eastern Pipe Line Co. v. F.E.R.C., 881 F.2d 1101, 1118 (D.C.Cir.1989).
 
 
 16
 Early in these proceedings FERC made clear to Transco that if it wished to justify its minimum bill it would have to do so under the third Seaboard criterion. Opinion No. 260-A, Transcontinental Gas Pipe Line Corp., 40 FERC p 61,188 at 61,590-91 (1987). The four-factor explanation suggests that FERC has impermissibly adopted a new test without providing any explanation for its change in policy, in contravention of elementary principles of administrative law. See, for example, United Municipal Distributors Group v. F.E.R.C., 732 F.2d 202, 210 (D.C.Cir.1984); Columbia Gas Transmission Corp. v. F.E.R.C., 628 F.2d 578, 585-86 (D.C.Cir.1979).
 
 CONCLUSION
 
 17
 Transco apparently demonstrated a direct link between minimum bill cost-incurrence and take-or-pay cost-causation. This appears to satisfy the third Seaboard criterion, which FERC has established as the standard for a pipeline in Transco's position to justify a minimum bill. Consequently, FERC's order eliminating Transco's minimum bill does not represent reasoned decisionmaking. Accordingly, FERC's decisions of August 3, 1988, 44 FERC p 61,216, and October 3, 1988, 45 FERC p 61,001, are vacated and the case is remanded to FERC for further proceedings, either allowing Transco's minimum bill or providing a reasoned explanation for the determination that it is unlawful.
 
 
 18
 It Is So Ordered.
 
 
 
 [1]
 Take-or-pay clauses require the purchaser to pay for a minimum amount of gas whether or not it is actually taken. Tennessee Gas Pipeline Co. v. F.E.R.C., 871 F.2d 1099, 1105 (D.C.Cir.1989)